OPINION
{¶ 1} Appellant Daniel Tomsho appeals from the granting of a civil stalking protection order against him in the Stark County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant Tomsho and Appellee Lori Coleridge formerly maintained a romantic relationship. On June 21, 2002, appellee filed a petition for a civil stalking protection order ("CSPO"), alleging as follows:
 {¶ 3} "He has harassed me on the phone, followed me to work, drives around my house at all hours of the date and night. He sends notes, cards, gifts. Follows me when I am out with my friends. He has not physically harmed me, but I don't know what is capable at this point."
 {¶ 4} A trial court magistrate thereupon granted the CSPO ex parte, and set the matter for a full hearing on June 28, 2002. The trial court magistrate at that time directed appellee to recite the factual basis for her petition, following which appellant's counsel responded and obtained permission to call appellee as if on cross-examination. At the conclusion of the hearing, the magistrate took the matter under advisement. The magistrate then issued a CSPO, to which appellant objected pursuant to Civ.R. 53. The trial court reviewed the matter and overruled the objection on July 8, 2002.
 {¶ 5} Appellant timely appealed, and herein raises the following sole Assignment of Error:
 {¶ 6} "I. The trial court erred in that the record does not contain sufficient evidence to warrant the issuance of the civil stalking protection order pursuant to R.C. 2903.214 and the trial court's decision was against the manifest weight of the evidence."
 I. {¶ 7} In his sole Assignment of Error, appellant argues that the trial court erred in granting the CSPO in favor of appellee. We disagree.
 {¶ 8} Pursuant to R.C. 2903.214(C), a person may seek relief against an alleged stalker by filing a petition which shall contain "[a]n allegation that the respondent engaged in a violation of section 2903.211
of the Revised Code [menacing by stalking] against the person to be protected by the protection order, including a description of the nature and extent of the violation." 2903.214(E)(1) continues: "After an ex parte or full hearing, the court may issue any protection order, with or without bond, that contains terms designed to ensure the safety and protection of the person to be protected by the protection order, including, but not limited to, a requirement that the respondent refrain from entering the residence, school, business, or place of employment of the petitioner or family or household member. * * *."
 {¶ 9} A preponderance-of-the-evidence standard applies to the granting of a stalking protection order. Lindsay v. Jackson (Sept. 8, 2000), Hamilton App. Nos. C-990786, A-9905306, applying Felton v. Felton
(1997), 79 Ohio St.3d 34, 679 N.E.2d 672, paragraph two of the syllabus. In State v. Awan (1986), 22 Ohio St.3d 120, 123, 489 N.E.2d 277, the Ohio Supreme Court noted the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact, and an appellate court may not substitute its judgment for that of the fact finder. The fact finder is free to believe all, part, or some of the testimony of each witness. State v. Caldwell (1992), 79 Ohio App.3d 667,679. Therefore, a judgment supported by competent and credible evidence going to all the elements of the case must not be reversed by a reviewing court as being against the manifest weight of the evidence. Masitto v.Masitto (1986), 22 Ohio St.3d 63.
 {¶ 10} The transcript reveals that appellee testified to being "relentlessly harassed and stalked" by appellant for over one year. Tr. at 3. Appellee stated that appellant frequently followed her to work, at one point in a borrowed car, and likewise would drive in circles around the block where her house was located. Tr. at 4. She changed her telephone number, but indicated that appellant only followed her all the more. Id. Appellee also introduced documentation of four police reports she effected due to appellant's behavior. Appellant nonetheless correctly points out that appellee admitted on cross-examination to sending appellant a birthday card in October 2001, and a Christmas card in December 2001, roughly six months before the petition was filed. Appellee also stated on cross-examination that appellant had never harmed her nor physically threatened her. Tr. at 18.
 {¶ 11} R.C. 2903.214(C) relies on the menacing by stalking statute, R.C. 2903.211, which states "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." Appellant contends appellee failed to demonstrate either a pattern of conduct or that appellant caused a belief that he would cause physical harm or mental distress. However, it is not necessary to demonstrate that a person accused of menacing (R.C. 2903.22) actually engaged in verbal threats; the trier of fact may infer from the history between the parties that the accused intended a threat by his actions. See State v. Fisher (Dec. 22, 1999), Pickaway App. No. 98CA43, citing State v. Boyle (Mar. 8 1996), Portage App. No. 95-P-0037. Furthermore, R.C. 2903.211 is clearly written in the disjunctive. SeeState v. Knepp, 2001-Ohio-1745, Stark App. No. 2001CA00130.[1] Hence, it is not incumbent on a petitioner to demonstrate mental distress where apprehension of physical harm is supported by the record. In the case sub judice, appellee clearly testified that "[a]t first I think it bothered me more than it frightened me." She added that when walking outside, she was "always a little leery." She concluded: "My fear is what he's going to do next." Tr. at 4.
 {¶ 12} In reviewing the record its entirety, we are persuaded that sufficient evidence existed for the finder of fact to conclude that appellant's pattern of behavior constituted a violation of R.C. 2903 .211, i.e., "knowingly caus[ing] another to believe that the offender will cause physical harm to the other person," such that a CSPO was warranted to ensure the safety and protection of appellee. While we review the events in a cold transcript, the trial court is in a much better position than an appellate court to weigh the evidence, because it views the witnesses, and observes their demeanor, gestures, and inflections. See Seasons Coal Company v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Therefore, having reviewed the record, we find there was sufficient competent and credible evidence for the trial court to conclude appellee had proven by the preponderance of the evidence her entitlement to a stalking protection order.
 {¶ 13} Appellant's sole Assignment of Error is overruled.
 {¶ 14} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, is hereby affirmed.
By: Wise, J, Gwin, P.J., and Farmer, J., concur.
Topic: Civil Stalking Protection Order.
[1] "However, we must conclude that had the General Assembly intended to eliminate the patent bifurcation of the terms `physical harm' and `mental distress' in R.C. 2903.211, we would find such guidance in the text, as we must ordinarily presume the Legislature means what it says." Id.